DSM RESEARCH, B.V., Plaintiff,

v.

VERENIUM CORPORATION, individually and as successor to Diversa Corporation, Defendant.

Civil Action No. 09–10045–NMG.

United States District Court, D. Massachusetts.

Feb. 19, 2010.

Dina M. Hayes, Christopher J. Lee, Raymond P. Niro, Kara L. Szpondowski, Niro, Scavone, Haller & Niro, Chicago, IL, Michelle R. Peirce, Donoghue, Barrett & Singal, PC, Boston, MA, for Defendant.

ues to understand that it was not represented at the December 16, 2009 program.

Rebecca L. Sipowicz, Berluti & McLaughlin, LLC, Boston, MA, for Plaintiff.

## MEMORANDUM & ORDER

GORTON, District Judge.

Plaintiff DSM Research, B.V. ("DSM") brought suit against Verenium Corporation ("Verenium"), successor to Diversa Corporation ("Diversa"), for unauthorized use of confidential information and trade secrets. Before the Court is Verenium's motion to transfer this case to the United States District Court for the Southern District of California.

## I. *Background*

This dispute arises out of DSM's relationship with Diversa. In 2005, the two entered into a one-year Material Transfer Agreement ("MTA") through which DSM transferred a microbial strain to Diversa for research and development related to biofuels. After the MTA expired, the parties entered into negotiations for two license deals but no agreement was ever finalized. DSM alleges that defendant nonetheless proceeded, without DSM's permission, to develop the strain commercially.

DSM is a foreign company based in the Netherlands. According to the defendant, Diversa's entire business was located in San Diego, California. In 2007, Diversa merged with Celunol Corporation to form Verenium. Verenium's headquarters are in Cambridge, Massachusetts but the defendant repeatedly asserts that all of its research and development operations continue to be conducted in San Diego.

DSM filed its complaint in January, 2009 to which Verenium filed an answer and counter-claims. On March 5, 2009, Verenium moved to transfer this case to the Southern District of California. DSM op-posed the motion and defendant replied to that opposition in May, 2009.

## II. *Analysis*

### A. Legal Standard

 Section 1404(a) states

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). Neither party disputes that the case "might have been brought" in the suggested transferee district and, instead, their disagreement focuses on whether convenience and the interest of justice favor transfer.

In making that determination, the statute place[s] discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.

*Astro–Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 12 (1st Cir.2009) (quotations and citation omitted). Accordingly, courts take a multi-factored approach considering, for example, 1) plaintiff's choice of forum, 2) convenience of the parties and witnesses and 3) the availability of documents. *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir.2000).

### B. Application

Defendant argues that this case should be transferred to the Southern District of California because many witnesses, including third-party witnesses, as well as relevant documents are located in California and because this district has few ties to the case. California, therefore, is more convenient and that convenience outweighs any countervailing factors. In opposition, DSM emphasizes that 1) plaintiff's choice of forum is critical, 2) Verenium is headquartered in Massachusetts and 3) California is roughly twice as far from the Neth-

erlands as is Massachusetts. On balance, DSM is correct. The relevant factors are addressed briefly.

### 1. Plaintiff's Choice of Forum

■■■ A plaintiff's choice of forum weighs strongly against transfer. *E.g., Coady*, 223 F.3d at 11 ("The burden of proof rests with the party seeking transfer; there is a strong presumption in favor of the plaintiff's choice of forum."). That choice, however, is not a trump card for all plaintiffs opposing transfer. As Verenium asserts, courts have assigned less weight to a plaintiff's choice if, for example, a district has no obvious connection to the case or if the plaintiff is a nonresident. *E.g., United States ex rel. Ondis v. City of Woonsocket*, 480 F.Supp.2d 434, 436 (D.Mass.2007).

Here, defendant argues that the deference typically afforded to a plaintiff's choice of forum should be reduced because neither DSM nor this case has any strong connection to this district. Plaintiff responds by reiterating the importance of its choice and by arguing that this district does, indeed, have some connections with the case. Because Verenium is headquartered here, for instance, numerous executives whose testimony DSM will seek are located in Massachusetts.

The Court agrees with DSM. Although its choice in this case may warrant slightly less weight than that owed to a hometown plaintiff, the Court nonetheless finds that it counsels strongly against transfer.

### 2. Convenience of the Parties and Witnesses

■■■ Most if not all of the remaining arguments can be grouped under the heading of convenience and Verenium contends that they all strongly favor transfer. Verenium states that California is home to its research and development and the majori-

ty of its witnesses and documents, whereas its Massachusetts headquarters is "mostly administrative staff". With respect to DSM, Verenium argues that because it will already need to transport witnesses and documents to the United States from abroad, "there is no more recognizable inconvenience" in traveling to San Diego as opposed to Boston. Moreover, Verenium contends that although the availability of process to secure third-party witnesses is "of relatively little importance", it also supports transfer because some former Verenium employees remain in California, outside of this Court's subpoena power. Finally, Verenium asserts that the cost of bringing its witnesses here would be significant.

Plaintiff rebuts each of Verenium's arguments. First, it points to several Verenium employees who are located in Massachusetts and will be asked to testify. Second, and most significantly, DSM takes issue with Verenium's statement that California is not recognizably more inconvenient than Massachusetts for DSM and its witnesses. It points out, for example, that California is approximately twice as far as Massachusetts from the Netherlands and that for New York lawyers hired to assist DSM with New York law, Massachusetts is more convenient than California.[1] Finally, DSM notes that the location of documents is given little weight in this digital age.

Verenium's reply does more to illustrate the merits of DSM's position than its own. It criticizes DSM for failing to address "perhaps the most important factor", the unavailability of third-party witnesses if this case remains in Massachusetts. Verenium's emphasis of this factor is curious because its initial memorandum labeled it as "of relatively little importance". In any event, the remainder of the arguments

---

1. With respect to the New York lawyers, however, Verenium responds that courts generally do not consider the convenience of counsel. *E.g., Ondis*, 480 F.Supp.2d at 437.

fare no better. In an attempt to show that California is convenient for DSM, for example, Verenium states that DSM has traveled there to conduct business in the past. That is irrelevant and the fact that representatives of DSM traveled to California does not mean it was convenient to do so or that Massachusetts would not have been more convenient.

Most of Verenium's additional arguments employ the following theme: because Massachusetts is already inconvenient for both DSM and Verenium and continuing on to California would not be much more burdensome for DSM and its witnesses, California is the preferable forum. The Court disagrees. Although it is obvious, it bears recording that a significant distance separates southern California from Massachusetts and Verenium's contention that California is only slightly less convenient for those coming from the Netherlands is unpersuasive.

Convenience of the parties and witnesses, therefore, is not nearly as one-sided as Verenium contends and whatever weight it deserves is certainly not enough to overcome plaintiff's forum choice.

### 3. Summary

In sum, this Court's decision is straightforward. Plaintiff chose this district for litigation and defendant chose it for its corporate headquarters. That, along with the additional inconvenience that litigating in California instead of Massachusetts would cause to the plaintiff, is sufficient to defeat defendant's motion.

### ORDER

In accordance with the foregoing, defendant's motion to transfer (Docket No. 13) is **DENIED.**

**So ordered.**